State ex rel. Charbonnet vs. Johnson.

## No. 6315.

STATE OF LOUISIANA EX. REL. J. CHARBONNET VS. GEORGE B. JOHNSON, AUDITOR.

Obviously the third amendment of the constitution did not intend to *repudiate* sub-. sisting obligations of the State, if the General Assembly failed to provide an annual revenue sufficient to pay them. The effect of such neglect would be that a' subsequent Legislature would, by taxation and appropriations, provide for·their payment. Thus in the present case, while this court is of opinion that the rela-. tor's pension for the year 1875 alone can be paid out of the appropriation made for that year, still his claim or right to the pensions of former years is not extinguished by the fact that there exists no appropriation out of which they can, now be paid. His relief must be by the Legislature. Had the act of 1875 indicated that pensions for years anterior to 1875 were to be paid out of the appropriations of that year for that purpose, it would not have been obnoxious to the, third amendment.

APPEAL from the Superior District Court, parish of Orleans. *Lynch,* Acting Judge in the place of *Hawkins. Alfred Shaw,* for relator and· appellee. *A. P. Field,* Attorney General, and *H. C. Dibble,* Assistant At-· torney General, for respondent and appellant.

LUDELING, C. J. The relator, who alleges that he is a veteran of the war of 1814 and 1815, and entitled to a pension under the laws of this State, prays for a mandamus to compel the Auditor to issue warrants to him for his pensions due from the first of September, 1868, to January, 1873, at one hundred and fifty dollars per annum, and from the first of January, 1873, to the end of 1875, at the rate of two hundred and forty dollars per annum.

The only defense insisted upon in this court is that the appropriations for the years prior to 1875 having been exhausted, only the appropriation for that year remains, and that pensions due for the years preceding 1875 can not. be paid out of said appropriation, under the third amendment of the constitution. The amendment is as follows : "The revenue of each, year derived from taxation upon real, personal, and mixed property, and from licenses, shall be devoted solely to the·expenses of the said year for which it shall be raised, excepting any surplus remains, which shall be directed to sinking the public debt. All appropriations and claims in excess of revenue shall be null and void, and the State shall in no man-· ner provide for their payment." The evident intention of this provision was to limit the appropriations by the General Assembly to the annual, revenues of the State, which should be applied to said appropriations. And the last sentence of the amendment only declared, what the courts· had already decided, that appropriations, other than those for the cur-· rent necessary expenses of the State, in excess of the revenues, were· debts, the creation of which, under the constitution, were forbidden. Nixon vs. Graham.

Obviously, the third amendment of the constitution did not intend to,

*repudiate* subsisting obligations of the State, if the General Assembly failed to provide an annual revenue sufficient to pay them. The effect of such neglect would be that a subsequent Legislature would by appropriations and taxation provide for their payment. Thus, in the present case, while we are of opinion that the relator's pension for the year 1875 alone can be paid out of the appropriation made for that year, still his claim or right to the pensions for former years is not extinguished by the fact that there exists no appropriation out of which they can now be paid. His relief must be provided for by the Legislature. Had the act of 1875 indicated that pensions for years anterior to 1875 were to be paid out of the appropriation for that purpose of that year, it would not have been obnoxious to the third amendment.

It is therefore ordered that the judgment of the lower court be amended by reducing the amount for which the Auditor is ordered to warrant to two hundred and forty dollars, and as thus amended that the judgment be affirmed; the appellee to pay costs of this appeal.

Rehearing refused.